UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AIDAN PHILPOTT

    Plaintiff,

v.     CASE NO.: 8:23-cv-1316

AC/DC SOLAR LLC,
JAY LIRAN METZER, and
ZIV METZER

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, AIDAN PHILPOTT, (hereinafter "Mr. Philpott" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, AC/DC SOLAR LLC (hereinafter "AC/DC"), JAY LIRAN METZER (hereinafter "JLM"), and ZIV METZER (hereinafter "ZM), and alleges the following:

**NATURE OF ACTION**

1. This an action for unpaid wages, liquidated damages and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq. ("FLSA"), and breach of contract and attorneys' fees and costs under Section 448.08, Florida Statutes.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

3. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(2) because all events giving rise to these claims occurred within this judicial district and Defendants employed Plaintiff at a location within this judicial district.

## PARTIES

4. At all times material, Plaintiff, AIDAN PHILPOTT, was a resident of Hillsborough County. Defendant employed Mr. Philpott as a door-to-door salesman.

5. Defendant, AC/DC SOLAR LLC, is a Florida Limited Liability Company, principally located at 9942 Currie David Drive, Tampa, in Hillsborough County, Florida.

6. Defendant, JAY LIRAN METZER, is a co-owner of AC/DC SOLAR LLC and a resident of Orange County, Florida.

7. Defendant, ZIV METZER, is a co-owner of AC/DC SOLAR LLC and a resident of Hillsborough County, Florida.

## GENERAL ALLEGATIONS

8. At all times material, Defendant, AC/DC SOLAR LLC, was an "employer" subject to the requirements of the FLSA and other applicable law.

9. At all times material, Defendant, JAY LIRAN METZER, was an "employer" subject to the requirements of the FLSA and other applicable law.

10. At all times material, Defendant, ZIV METZER, was an "employer" subject to the requirements of the FLSA and other applicable law.

11. At all times material, Plaintiff was an employee of Defendant, AC/DC SOLAR LLC, within the meaning of FLSA and other applicable law.

12. At all times material, Plaintiff was an employee of Defendant, JAY LIRAN METZER, within the meaning of FLSA and other applicable law.

13. At all times material, Plaintiff was an employee of Defendant, ZIV METZER, within the meaning of FLSA and other applicable law.

14. Upon information and belief, at all times relevant to this action, the annual gross sales volume of AC/DC SOLAR LLC exceeded $500,000 in the year preceding nonpayment.

## FACTS

15. AC/DC employed Mr. Philpott from February 8, 2023 to March 6, 2023.

16. AC/DC hired Mr. Philpott as a door-to-door salesman, for which Mr. Philpott was tasked with asking homeowners if they were interested in a free audit for solar energy.

17. Mr. Philpott was to be paid $500 per week plus a bonus for lead generation at a rate of $35 per lead generated.

18. From February 4, 2023, to February 10, 2023, Mr. Philpott should have been paid $850.00 ($500 weekly base salary plus $350 for ten leads).

19. During the same period, AC/DC Solar arbitrarily reduced Mr. Philpott's weekly base salary from $500.00 to $350.00, and paid Mr. Philpott a $35 bonus claiming he generated only one lead. As such, AC/DC Solar paid Mr. Philpott just $385.00, an underpayment of $465.00.

20. From February 11, 2023, to February 17, 2023, Mr. Philpott earned $880.00 ($500 weekly base salary; $280 for eight leads; and $100 for closing a lead). Instead, AC/DC Solar only paid him $705.00. Mr. Philpott is owed $175.00 in gross unpaid wages for this paycheck.

21. From February 25, 2023, to March 3, 2023, Mr. Philpott earned $675.00 ($500 weekly base salary plus $175 for five leads).

22. Again, AC/DC Solar arbitrarily reduced Mr. Philpott's weekly base pay from $500.00 to only $300.00 per week.

23. AC/DC Solar further reduced his pay by $120.00, alleging that Mr. Philpott borrowed this amount from the company. However, AC/DC Solar incorrectly justified this pay reduction on Mr. Philpott's paystubs by falsely claiming

that Mr. Philpott only worked 14.4 hours during this pay period, which amounted to a gross payment of $180.00.

24. Mr. Philpott is owed $495.00 in gross unpaid wages for this pay period.

25. Plaintiff has incurred attorney's fees and costs in bringing this lawsuit.

## COUNT I
### Unpaid Wages Under Florida Common Law
### (As to AC/DC Solar LLC)

26. Plaintiff, AIDAN PHILPOTT, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty-five (25) as if set forth fully herein.

27. Defendants failed to pay Plaintiff all wages owed to him. Specifically, Plaintiff was not paid a total of $1,135.00.

28. Plaintiff worked for Defendants, and Defendants agreed to pay Plaintiff for Plaintiff's services.

29. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, demands judgment against Defendants for the following:

    (a) Payment in an amount equal to Plaintiff's unpaid back wages;

    (b) Prejudgment interest;

    (c) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08; and

(d) All such other relief as the Court deems just, equitable and appropriate.

## COUNT II
### Breach of Contract
### (As to AC/DC Solar LLC)

30. Plaintiff, AIDAN PHILPOTT, re-alleges and incorporates by reference the allegations set forth above in paragraph one (1) through twenty-five (25) as if set forth fully herein.

31. On February 8, 2023, Plaintiff and Defendants entered into an oral employment agreement to pay Plaintiff $500 per week plus a bonus for lead generation at a rate of $35 per lead generated.

32. Plaintiff was not paid $1,135.00 for work he performed under that agreement.

33. Defendants breached the contract by not paying the wages owed to Plaintiff.

34. Defendants' breach caused Plaintiff to suffer damages in the form of unpaid wages.

35. Plaintiff has incurred attorney's fees and costs as a result of Defendants' refusal to pay wages owed in breach of this agreement.

**WHEREFORE**, Plaintiff demands compensatory damages for breach of contract in the amount of $1,135.00; attorney's fees and costs; and such other relief this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury as to all issues so triable.

Dated this 12th day of June 2023.

                        Respectfully submitted,

                        */s/ Gary L. Printy, Jr., Esq*
                        Gary L. Printy, Jr., Esq.
                        Florida Bar No. 41956
                        **PRINTY & PRINTY, P.A.**
                        5407 N Florida Ave.
                        Tampa, Florida 33604
                        Telephone (813) 434-0649
                        FAX (813) 423-6543
                        garyjr@printylawfirm.com
                        ***Attorney for Plaintiff***